## Richmond

GARLAND R. ELLINGTON, JR.

v.

MILDRED S. ELLINGTON

No. 0760-87-2

Decided April 4, 1989

50

■■■■■■■■■■■■■■
■■■■■■

■■■■

■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■

COUNSEL

Joseph B. Benedetti (Torrence M. Harmon; McCarthy & Durrette, P.C., on Brief), for appellant.

James M. Minor, Jr. (Paul R. Mack; Minor & Smith, on brief), for appellee.

OPINION

BENTON, J.—Garland R. Ellington, Jr., appeals from that portion of a final decree of divorce which adjudicated the parties' rights and interests in property pursuant to Code § 20-107.3 and which awarded the wife, Mildred S. Ellington, attorney's fees in the sum of $37,629.90. On appeal, the husband asserts that the trial judge erred: (1) in determining that the appreciated value of the husband's stock was marital property; (2) in ordering the conveyance of potential future profits to the wife from properties titled solely in the husband's name; (3) in failing adequately to credit the husband's contribution of separate resources to the purchase of the marital home in making the monetary award to the wife; (4) in failing to discount the husband's Tidewater stock due to lack of marketability; (5) in ordering that the wife receive fifty percent of the net value of the marital home over and above the estimated net value determined by the court, and; (6) in ordering the husband to pay counsel fees that were excessive and unreasonable. For the reasons which follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Garland and Mildred Ellington were married in 1976, when both parties were forty-three years of age. At the time of the marriage, the husband was employed by and was a fifty percent shareholder of a closely held corporation, Security Systems, Inc. The

wife owned a house with an equity interest of $20,000 and worked as an assistant branch manager of a bank.

During the marriage, the couple built and moved into a large home. In order to acquire the residence, the husband used $114,557.76 of his separate funds, which he placed into a joint checking account before paying for the property, and the parties borrowed an additional $60,000, the payment of which was secured by a deed of trust on the home. The wife contributed $18,000 for home furnishings, derived from the sale of the house that she owned prior to the marriage. These funds, like the husband's, were first deposited into the couple's joint checking account.

During the marriage, the husband acquired assets in his name, which included a limited partnership interest in Integrated Cattle Systems and in JMB/Indiana Square Associates, a one half interest in the partnership of M & E Company, and a minority stock interest in Security Systems of Tidewater, Inc.

After eight and one-half years of marriage, the husband left the marital home and filed for a divorce on the grounds of willful desertion, asking further that legal title and ownership of all property be determined by the court pursuant to Code § 20-107.3. The wife filed an answer and cross bill alleging these same grounds. The cause was referred to a commissioner in chancery, who prepared an eighty-six page report. The commissioner recommended that the parties be granted a divorce on the basis of one year separation. The commissioner also classified the couple's major assets relevant to this appeal as follows:

| PROPERTY | CLASSIFICATION | NET VALUE |
|---|---|---|
| Marital Residence | Marital | $253,129.00 |
| 600 Shares Security Systems, Inc. | All appreciation during marriage considered marital | $268,800.00 |
| 49 Shares Security Systems of Tidewater, Inc. | Marital | $ 41,138.68 |
| Integrated Cattle Systems | Marital | 0 |

| | | | |
|---|---|---|---|
| JMB/Indiana Square Association | Marital | · | 0 |
| M & E Company | Marital | | 0 |

After considering the factors set forth in Code § 20.107.3(E), the commissioner recommended a monetary award to the wife in the sum of $180,815. In his findings, the commissioner noted that, with the exception of $18,000, the husband had made all monetary contributions to the marriage, including the payment of educational funds for the wife's children. He also noted that the husband had made significant non-monetary contributions to the marriage by providing the wife's children with affection. The commissioner further noted that, although the wife's non-monetary contributions to the home were lessened by the fact that she was supplied with part-time maid and yard services, the wife had provided non-monetary support by entertaining business associates and advising her husband in his business endeavors.

The trial judge affirmed the commissioner's findings with two exceptions. First, the trial judge resolved a discrepancy in the commissioner's report concerning attorney's fees by ordering that the husband pay sixty percent of the wife's attorney's fees, with costs to be divided equally. Second, the trial judge approved the commissioner's finding that the net value of the marital home was $253,129, but ordered that any amount received above this amount would be shared by the parties equally.

The first issue we are asked to consider is whether the trial judge erred in classifying as marital property the appreciation, during the marriage, of the husband's 600 shares of Security Systems, Inc. The trial judge found that the stock was separate property, having been acquired by the husband in 1968, before the date of marriage. The trial judge valued the stock at $231,000 as of the date of marriage, and assigned a current value of $499,800. Relying upon the commissioner's report, which cites North Carolina decisional law, the trial judge concluded that the value of the husband's separate interest was $231,000, and the value of the marital interest was $268,800, representing the amount by which the stock had appreciated during the marriage. The husband argues that the trial judge essentially characterized this property as part marital, part separate, in contravention of the unitary concept of property adopted by our Supreme Court in

*Smoot v. Smoot*, 233 Va. 435, 357 S.E.2d 728 (1987). We agree.

As our Supreme Court stated in *Smoot*, "[Code § 20-107.3] does not recognize a hybrid species of property." *Id.* at 441, 357 S.E.2d at 731. Property must be classified as either all marital or all separate, not both. *Id.*; *see also Brown v. Brown*, 5 Va. App. 238, 243, 361 S.E.2d 364, 367 (1987)(trial judge's treatment of husband's interest in farm as part marital, part separate constituted reversible error). Rejecting a "source of funds" doctrine, the Court in *Smoot* construed the statute to evince a legislative intent that when separate property is commingled with marital property, it loses its separate character and transmutes into marital property subject to equitable distribution. 233 Va. at 441, 357 S.E.2d at 731. We recognize that our Supreme Court had not yet handed down its decision in *Smoot* at the time the trial court in this case entered its final decree. Inasmuch as the trial judge classified the stock interest as part marital, part separate, however, *Smoot* mandates that we reverse the decree and remand the case for reconsideration in light of that decision.

Citing several North Carolina decisions, *see, e.g.*, *Phillips v. Phillips*, 73 N.C. App. 68, 326 S.E.2d 57 (1985); *Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260 (1985), the wife asks this Court to make an exception to the rule in *Smoot* by allowing the appreciation in value of the stock to be classified as marital when it is due to the affirmative efforts of both parties during the marriage. She argues that to hold otherwise would allow the husband to reap the benefits of an increase in the value of his separate property which was due to the combined efforts of the parties during the marriage, to the detriment of the wife. *Phillips*, 73 N.C. App. at 74, 326 S.E.2d at 61 (citing *Wade*, 72 N.C. App. at 380, 325 S.E.2d at 268). As stated previously, the rule in *Smoot* clearly precludes the possibility of classifying property as part marital, part separate, and this Court is constrained to follow that mandate.

The wife's argument, however, raises a related question recently addressed in *Lambert v. Lambert*, 6 Va. App. 94, 367 S.E.2d 184 (1988); that is, whether appreciation in value during the marriage of separate property transmutes that property into marital property when it is due to the affirmative efforts of one or both parties. Code § 20.107.3(A)(1)(iii) provides that "income received from, and the increase in value of separate property during

the marriage is separate property." In *Lambert*, we indicated that, although the statute unquestionably applies to appreciation in value caused by economic factors alone, the statute may not bar the transmutation of separate property into marital property when the appreciation is due to the efforts of the parties during the marriage. 6 Va. App. at 104-05, 367 S.E.2d at 190. Such a view would be consistent with the Supreme Court's adoption of both a unitary concept of property and the concept of transmutation of separate property into marital property through commingling. *Id.* at 104, 367 S.E.2d at 190. The equitable distribution statute is intended to recognize the marriage as a partnership and to provide a means of equitably distributing wealth acquired by and during that partnership. *Williams v. Williams*, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). Where the pool of marital property available for division is greater, the chances of reaching an inequitable property division are reduced. *Lambert*, 6 Va. App. at 103, 367 S.E.2d at 190 (citing *In re Marriage of Smith*, 86 Ill. 2d 518, 531, 427 N.E.2d 1239, 1245 (1981)). In addition, "[f]inding that separate property has been transmuted into marital property by commingling need not work an inequity to the party who brought the separate property to the marriage because, when making a monetary award under our statute, the trial judge must consider among other factors, the contribution of each party in acquiring, preserving, and maintaining property." *Lambert*, 6 Va. App. at 103-04, 367 S.E.2d at 190; *see also Brinkley v. Brinkley*, 5 Va. App. 132, 137, 361 S.E.2d 139, 141 (1987)(trial judge must consider all Code §20-107.3(E) factors in determining appropriate monetary award).

The commissioner in this case was obviously troubled by the potential inequity which would result if the husband were allowed to retain, as his separate property, the appreciation in value of that separate property which may have resulted from the wife's affirmative efforts during the marriage. Although *Smoot* precludes the option of classifying the property as part marital, part separate, as was done in this case, the trial judge should have considered whether the evidence established that appreciation in the stock was due to the affirmative efforts of the wife and whether those efforts were sufficient to transmute the stock into marital property. If the property has been transmuted to marital property, the husband's separate contribution must then be taken into consideration in making the monetary award. We leave this issue

open for the trial judge to consider on remand.

The husband next argues that the trial judge erred in ordering the conveyance of potential future profits of Integrated Cattle Systems, JMB/Indiana Square Associates and M & E Company, marital properties titled solely in the husband's name. We agree. The commissioner determined that Integrated Cattle and JMB/Indiana Square Associates, both limited partnership and tax shelter investments, had no present value. M & E Company was found to have a negative value of $14,680.79. Nevertheless, the trial judge ordered that "[i]n the event that [these] assets [increase] or [decrease] in value, the parties shall share such profit or loss equally. . . ."

Code § 20-107.3(C) specifically provides that "[t]he court shall have no authority to order the division or transfer of . . . marital property which is not jointly owned." *See also Williams v. Williams*, 4 Va. App. at 23, 354 S.E.2d at 66 (allotment of specific marital property not titled in names of both parties is not permitted by Code § 20-107.3(C)); *McGinnis v. McGinnis*, 1 Va. App. 272, 276, 338 S.E.2d 159, 161 (1985)(trial judge erred in allotting to the wife personal property titled in the husband's name). Furthermore, although Code § 20-107.3(B) makes it plain that the parties' rights and interests in marital property may be considered in determining a monetary award, *Lowe v. Lowe*, 233 Va. 431, 434, 357 S.E.2d 31, 33 (1987), where property is essentially of no or negative value, it is generally inappropriate to consider it as a basis for a monetary award. *Hodges v. Hodges*, 2 Va. App. 508, 515, 347 S.E.2d 134, 138 (1986). The wife concedes as much.

Because, on remand, the trial judge will be required to reevaluate the entire monetary award in light of the statute and the principles set forth in this opinion, we briefly address the husband's other assignments of error. As we have already noted, the trial judge is entitled to consider the separate contributions of the parties to the marital resources in making the monetary award. *See Brinkley*, 5 Va. App. at 137, 361 S.E.2d at 141. The husband argues that the trial judge erred in failing to consider his separate contributions to the purchase of the marital home in making the monetary award. We find no merit to this contention.

■ Under Code § 20-107.3(E), the separate contribution of one party to the acquisition, care, and maintenance of marital property is but one factor for the trial judge to consider in deciding upon the appropriate monetary award. *Bentz v. Bentz*, 2 Va. App. 486, 489, 345 S.E.2d 773, 774-75 (1986); *see also Taylor v. Taylor*, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988) (trial judge is not required to quantify exactly what weight is given to each of Code § 107.3(E) factors). In this case, the husband's contribution originated from the sale of a home and an apartment building, both owned and sold prior to the marriage, and from a savings account he maintained before the marriage. In his report, the commissioner stated that "the [husband's] significant monetary contributions to the marriage, and to the children of the [wife], and his non-monetary efforts towards the [wife's] children, result in a credit to him under this factor." The commissioner further found that, "[w]ith the exception of $18,000.00 expended by the [wife], all of the monetary contributions in the acquisition, care and maintenance of the marital property were made by the [husband]." The trial judge confirmed the report of the commissioner on these points. Although we agree with the husband that *Smoot* supports the conclusion that the contribution of separate assets to the marital net worth is a factor which may result in a particularly identified credit to the spouse who is contributing those assets to the marital pool, we do not agree that *Smoot* mandates a dollar-for-dollar credit. Other factors under Code § 20-107.3(E) may offset this "source of funds" factor. *See Bentz*, 2 Va. App. at 489, 345 S.E.2d at 774-75. Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal. *See Smoot*, 233 Va. at 443, 357 S.E.2d at 732. In this case, the trial judge's general recognition of the husband's monetary and non-monetary contributions was sufficient to satisfy Code § 20-107.3(E).

■ We also find no error in the trial judge's failure to discount the husband's stock interest in Security Systems of Tidewater, Inc. With regard to the Tidewater stock, the husband's expert, Joseph Geiger, testified that "about $29,000 would be his interest. I think they would have to be discounted further because the twenty four and a half percent does constitute a minority interest which would be just as difficult to market." Nowhere, however, did Geiger testify to a particular discount factor to be applied to

the Tidewater stock. The husband, in a subsequent memorandum, advanced twenty-five percent as a "modest" discount factor to be applied to this stock, apparently basing this figure on Geiger's earlier testimony that a twenty-five percent discount factor should be applied to the 600 shares of Security Systems, Inc. Understandably, the commissioner did not credit the husband's assertions in this regard, refusing to speculate as to the proper discount factor to be applied to the Tidewater stock. In *Bowers v. Bowers*, this Court reaffirmed the principle that it is the litigants' responsibility to develop or fill voids in the evidence of asset values. 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987). In *Bowers*, we noted that " '[r]eviewing courts cannot continue to reverse and remand . . . [equitable distribution] cases where the parties have had an adequate opportunity to introduce evidence but have failed to do so.' " *Id.* (quoting *In re Marriage of Smith*, 114 Ill. App. 3d 47, 54-55, 448 N.E.2d 545, 550 (1983)). In this case, the husband had ample opportunity to elicit testimony from his expert regarding the discount value of the Tidewater stock. The commissioner did not err in rejecting the discount factor offered by the husband's counsel. Likewise, the trial judge did not abuse its discretion in making the monetary award without considering a discount factor for lack of marketability of the husband's minority interest.

Similarly, we reject the husband's contention that the trial judge erred in awarding the wife fifty percent of any net value over and above $253,129, the net value of the jointly owned marital home as determined by the court. The husband claims that the trial judge erred in so doing because Code § 20-107.3(D) restricts payout of a monetary award to payment "either in a lump sum or over a period of time in fixed amounts to either party." In this case, however, the trial judge granted a specific lump sum award to the wife of $180,815, with $126,564, an amount equal to one-half the net value of the marital home, to be delivered to the wife within forty days of the date of entry of the final decree. The commissioner did not specifically recommend, and the trial judge did not order, that a partition take place. The trial judge's award of fifty percent of the net value of the marital home over the amount specified in the final decree, and attributable to a contemplated future increase in the net value of the home, represents a recognition that, under the law of partition, the husband and wife would

share equally in the proceeds as tenants by the entirety.[1]

■ Finally, the husband argues that the amount of counsel fees he was ordered to pay to the wife's counsel was excessive and unreasonable. An award of attorney's fees to a party in a divorce suit is a matter within the sound discretion of the trial judge, after considering the circumstances and equities of the entire case. *Rowand v. Rowand*, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974); *Clayberg v. Clayberg*, 4 Va. App. 218, 223, 355 S.E.2d 902, 905 (1987). The key to a proper award of counsel fees is reasonableness under all of the circumstances revealed by the record. *McGinnis v. McGinnis*, 1 Va. App. at 277, 338 S.E.2d at 162. In the present case, the trial judge ordered the husband to pay $37,629.90 to the wife's counsel, representing sixty percent of the amount of the wife's counsel fees. The parties were to share costs equally. The record reveals that this case was vigorously contested on all issues, generating more than 1,700 pages in transcript. The parties forcefully litigated claims of desertion, entitlement to spousal support, the classification and value of the major assets, and a monetary award of equitable distribution. The wife prevailed in obtaining both a monetary award and spousal support, and in successfully defending the charge of willful desertion. Under these circumstances, given the magnitude and complexity of this particular case, we find the award reasonable, and affirm this aspect of the decree. *McGinnis*, 1 Va. App. at 278, 338 S.E.2d at 162.

In sum, we find that the trial judge erred in classifying the Security System's Inc. stock as part marital, part separate property. The judge also erred in ordering that the wife share in potential future profits of marital properties titled solely in the husband's name. We find no error in the trial judge's refusal to discount the husband's Tidewater stock for lack of marketability, and in its award to the wife of fifty percent of any net value over the estimated value of the home. We also find that the trial judge gave adequate consideration to the husband's separate contributions to the marital home, and find the award of attorney's fees reasonable under the circumstances. The case is remanded for further pro-

---

[1] Code § 107.3(C) has since been amended to allow the judge to order the division or transfer of jointly owned marital property based upon the factors listed in subsection (E). The trial judge did not order a division or transfer of the property in this case, however, but merely acknowledged the wife's entitlement.

ceedings consistent with the principles articulated in this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Moon, J., concurred.