COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


LESTER RONALD BAKER
                                         MEMORANDUM OPINION[*] BY
v.   Record No. 2737-95-3                JUDGE WILLIAM H. HODGES
                                              JUNE 18, 1996
CATHERINE ANNE DAUGHERTY BAKER


                 FROM THE CIRCUIT COURT OF SCOTT COUNTY
                   William R. Shelton, Judge Designate

            David L. Scyphers (Johnson, Scyphers &
            Austin, on brief), for appellant.

            Richard D. Kennedy (Sturgill, Mullins &
            Kennedy, on brief), for appellee.



     Lester Ronald Baker (husband) appeals a decision of the

circuit court which classified property held by husband and

Catherine Anne Daugherty Baker (wife) and decided other issues.

Husband raises the following issues on appeal:
     (1)  whether the trial court erred in classifying
          husband's separate property as marital
          property;

     (2)  whether the trial court erred in its
          valuation of the property;

     (3)  whether the trial court erred in classifying
          marital property as wife's separate property;
          and

     (4)  whether the trial court erred in failing to
          award husband child support for the period of
          December 3, 1991 to March 1, 1992.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## A. EQUITABLE DISTRIBUTION

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

### Issue (1):  Classification of Jewelry and Tools

As the party seeking to reverse the decision of the trial court, husband bears the burden to demonstrate error by record proof. Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Husband contends that the evidence demonstrated that the jewelry and tools owned during the marriage were his separate property. However, credible evidence in the record supports the trial court's classification of the jewelry and tools as marital property.

The parties were married in 1974 and separated in 1991. Husband testified that he developed an interest in making jewelry as a hobby prior to the marriage. However, husband indicated that "five or six years" before 1993, he "became interested in [jewelry] because of wanting to create a ring" for a karate organization. Husband began to develop his jewelry-making skills

2

and attend gem markets at that time.

Thus, there was evidence supporting the trial court's determination that the jewelry was marital property. While husband indicated he had been interested in making jewelry prior to the marriage, his testimony demonstrated that he began to invest money and time in the hobby during the marriage. Therefore, the court's classification of the jewelry will not be reversed.

Husband also alleged that the court erred by classifying as marital property his separate tools. Wife presented a list of tools stored in the parties' garage which she asserted were worth $5,475. Husband refuted the value of virtually every item, and claimed several items as his separate property.

While husband asserts that he used the tools in an automobile repair business operated prior to the marriage, husband cites no evidence in the record to support this statement. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 238 (1992).

The trial court was entitled to determine the credibility of the evidence presented by the parties. Husband has failed to demonstrate error in the trial court's classification of either

3

the jewelry or the tools.

Issue (2):  <u>Value of Jewelry</u>

Husband also contends, even if the jewelry was marital property, that the court erred in determining its value.  Husband claimed he never made a profit selling jewelry and would sell it at prices "just recoup what my investment was in it, maybe a few dollars more."  He also testified that he "most certainly had no stocks of stones or . . . or excessive amounts of . . . of jewelry and all this kind of thing that was already premade."

Wife testified in her deposition that husband had cases filled with jewelry and gems.  Wife estimated that husband had 120 rings with an average value of $400, and approximately $10,000 worth of loose stones and gems.

Wife's testimony was corroborated by the deposition testimony of her step-father, James William Chandler.  Chandler indicated he had purchased three rings from husband between 1987 and 1990.  Chandler paid what he believed was "wholesale price" of approximately $200 each for two rings and "somewhat more" for the third ring.  Husband asked Chandler to pay for the rings in cash rather than by check.  Chandler indicated husband "had quite a display" of jewelry, including two display cases with "a lot of rings" as well as bags full of rings, necklaces, bracelets, gold, silver, and gemstones.

The court accepted wife's evidence of the jewelry's value in its letter opinion dated April 21, 1994.  On July 13, 1994, the court noted that it would "neither hear any further evidence nor

5

entertain any further argument of counsel," and directed counsel to prepare an agreed scheme of distribution for presentation to the court. On June 9, 1995, husband submitted as an attachment to a letter to the court what he described as the "actual appraisal of the jewelry," which totaled $5,272.83.

Husband failed to present any evidence of the jewelry's value prior to the court's equitable distribution determination. The trial court was entitled to determine the credibility of his testimony as to the extent of his inventory and supplies. Chandler's testimony supported the value placed upon the jewelry by wife. The trial court was not required to consider husband's evidence of the value of jewelry in his possession after the parties' separation and after the court's determination of value.

Issue (3): <u>Classification of Wife's Certificates of Deposit</u>

Wife testified that she had inherited funds which she placed into two certificates of deposit worth $50,000 and $45,000. Husband failed to present any evidence refuting wife's testimony. The trial court found that the briefs of the parties made "no specific mention of a $100,000.00 CD" and that "any such CD was never in evidence for the Court to classify or value."

Under the Virginia equitable distribution statute, separate property includes "all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party." Code § 20-107.3(A)(1)(ii). Wife

6

testified that the funds were inherited, and husband did not dispute that classification. Therefore, we find no error in the trial court's determination that wife's inherited funds placed into two certificates of deposit were her separate property.

## B. Issue (4): PENDENTE LITE CHILD SUPPORT

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Under the terms of the pendente lite support order entered January 27, 1992, wife was ordered to pay husband $590 per month commencing March 1, 1992.[1] Father's counsel, without objection, endorsed the court's order at the time it was entered.

Therefore, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Affirmed.

---

[1] A pendente lite award may give rise to an appealable issue which may be pursued upon entry of the final decree. See Pinkard v. Pinkard, 12 Va. App. 848, 853, 407 S.E.2d 339, 342 (1991).