COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


RUSSELL E. SWANSON

                                      MEMORANDUM OPINION[*]
v.   Record No. 0070-96-1                PER CURIAM
                                       AUGUST 13, 1996
MADELINE C. SWANSON


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Walter J. Ford, Judge

            (Stephen F. Forbes; Forbes & Broadwell, on
            briefs), for appellant.

            (Kathy Gear Owens, on brief), for appellee.


     Russell E. Swanson (husband) appeals the decision of the
circuit court awarding a portion of his retirement benefits to
Madeline C. Swanson (wife).  Husband raises the following
arguments on appeal: (1) whether the circuit court erred in
determining the marital share of his retirement income; and (2)
whether the circuit court erred in requiring husband to continue
to pay the monthly premium for wife's survivor benefit.  Upon
reviewing the record and briefs of the parties, we conclude that
this appeal is without merit.  Accordingly, we summarily affirm
the decision of the trial court.  Rule 5A:27.

     The evidence was heard by a commissioner in chancery, whose
report was accepted by the trial court with only slight
modification.  "On appeal, a decree approving a commissioner's

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

report must be affirmed unless plainly wrong." Scinaldi v. Scinaldi, 2 Va. App. 571, 573, 347 S.E.2d 149, 150 (1986). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

### Marital Share

Under Code § 20-107.3(G), the trial court is authorized to "direct payment of a percentage of the marital share of any pension . . . or retirement benefits," provided that

> [n]o such payment shall exceed fifty percent of the marital share of the cash benefits actually received by the party against whom such award is made. "Marital share" means that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties . . . .

Id.

In this case, the marital share of husband's retirement benefits could not be determined based solely upon his years of his employment or the duration of the marriage. Husband's monthly payment was based upon his years of military service prior to the marriage, his years of civilian service largely

2

during the marriage, and a cash pay-in of over $10,000 in marital assets. The commissioner found that $833 of the monthly payment of $1,796 was husband's separate property, based upon the amount actually received by husband as his military retirement prior to the marriage.

The commissioner found the testimony of both parties' experts to be inadequate. Wife's expert gave a present value calculation that failed to exclude husband's pre-marital military employment. Husband's expert identified $524 per month as the marital share, but failed to include any amount attributable to the $10,000 pay-in of marital assets. Moreover, "the finder of fact is not required to accept as conclusive the opinion of an expert." Godley v. Commonwealth, 2 Va. App. 249, 251, 343 S.E.2d 368, 370 (1986).

The commissioner found the marital share of the monthly payment to be approximately $744, the average between $524 and $963. The trial court modified that recommendation to award wife 21% of husband's monthly payment. We cannot say that the court's award exceeded the amount authorized by statute or that it was plainly wrong or without evidence to support it. Therefore we will not set aside the award.

### Survivor's Benefit

Husband contends that the trial court erred in accepting the commissioner's recommendation that husband continue to pay the monthly survivor's benefit premium. The determination of which

3

party is to bear the cost of any survivor benefit is left to the discretion of the trial court.  Code § 20-107.3(G)(2).  We cannot say the trial court abused its discretion in continuing the payment.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

4