COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


LINDA ANN BAUCKMAN
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0160-96-4      JUDGE JOHANNA L. FITZPATRICK
                                         OCTOBER 29, 1996
VERNON A. BAUCKMAN


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    LeRoy F. Millette, Jr., Judge

            E. E. Sanders, Jr., for appellant.

            Raymond J. Morley, Jr. (Pfitzner, Morley,
            Brickley, Borksy & Arden, on brief), for
            appellee.


     Linda Ann Bauckman (wife) appeals the equitable distribution

decision of the circuit court.  Wife contends that the trial

court erred in classifying as marital property certain notes

payable to wife from Vernon A. Bauckman (husband) and awarding

her their value.  Finding no error, we affirm.

     "Fashioning an equitable distribution award lies within the

sound discretion of the trial judge and that award will not be

set aside unless it is plainly wrong or without evidence to

support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396

S.E.2d 675, 678 (1990).  "Unless it appears from the record that

the trial judge has not considered or has misapplied one of the

statutory mandates, this Court will not reverse on appeal."

Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630

─────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1989).

Wife asserts that the evidence establishes that three notes payable to her and purportedly signed by husband were traceable to funds she inherited from her family.[1] Husband denied signing two of the notes and testified that wife incurred no loss on the third note. Wife testified that she used her own funds and money belonging to her mother and her children to purchase certificates of deposit which husband used as collateral for the operation of his business. She lent him money to pay the business' rent and to purchase mirrors and other items for the restaurant. These items, as well as the business and the marital home, were lost through bankruptcy. She testified she came into the marriage with approximately $200,000 but that all her cash was gone. She admitted that husband had separate property in the form of furnishings and collectibles prior to the marriage and that, at the time of the hearings, he had no cash.

The trial court found that wife came into the marriage with assets, but that those assets were applied to the marital home and business which were lost in bankruptcy. The court noted that the parties did not agree whether the notes were executed.

> If these notes were, in fact, executed, and I
> know they're in dispute, it's clear to me
> that that money was basically put into the

---

[1] Wife also argues that the court lacked subject matter jurisdiction over wife's separate property. This argument confuses the court's underlying jurisdiction to decide issues of equitable distribution with the statutory limit on the court's authority to order a transfer or division of separate property. Compare Code § 20-107.3(A) with Code § 20-107.3(C).

2

marital, the marital pot, the idea being that the money was borrowed to keep Charlie Brown's going, that the money was borrowed so that they could continue the lifestyle they wanted to go on. So, I think that that should be considered, if any thought at all about it, some sort of a credit against the marital assets. And I'm going to consider it that way.

The trial court then ruled that all existing marital assets would be awarded to wife.

Under Code § 20-107.3(A), the trial court is required, upon the request of a party, to determine the title and value of "all property . . . of the parties." Property which no longer is part of the marital estate cannot be distributed by the court. No cash or certificates of deposit remained to be distributed. The court's ruling demonstrates that it considered the separate property wife brought into the marriage when it awarded her the maximum amount of marital assets available for distribution. We cannot say the court's equitable distribution decision was either plainly wrong or an abuse of its discretion.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>

3