COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

RONALD W. TSCHIPPERT

                                          MEMORANDUM OPINION[*]
v.   Record No. 0981-96-4                      PER CURIAM
                                           NOVEMBER 26, 1996
ELIZABETH M. TSCHIPPERT


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                       Thomas D. Horne, Judge

          (Ronald W. Tschippert, pro se, on brief).

          No brief for appellee.



     Ronald W. Tschippert appeals the decision of the circuit

court awarding Elizabeth M. Tschippert $25,000 as an equitable

distribution monetary award.  Husband contends that the trial

court erred by failing to grant him a proportionate credit upon

its revaluation of wife's 401(k) account.  Upon reviewing the

record and opening brief, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

     On a prior appeal to this Court, we reversed the trial

court's initial equitable distribution decision valuing wife's

401(k) account and classifying as marital property husband's

post-separation contributions to a joint checking account.

Tschippert v. Tschippert, No. 2096-94-4 (Va. Ct. App. June 13,

1995).  We affirmed all other issues.  We remanded the case and

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

directed the trial judge to "reconsider the monetary award in light of his decisions regarding the checking account funds and the 401(k) account." Id. at 8.

On remand, the trial court received additional evidence. Based upon the new evidence, the trial court found that approximately $12,000 in the joint checking account was traceable as husband's separate property. The most current value of wife's 401(k) account was $78,822, or $33,038 more than the value used by the court at the time of the initial decision. Based upon the reclassification of the funds in the joint checking account, the trial court credited $12,000 of the monetary award to husband, reducing the amount to be paid to $13,000. No additional modification to the award was made based upon the increased value of the 401(k) account.

Husband contends that the trial court was required to retain the prior equitable distribution share of fifty-two percent for wife and forty-eight percent for him, and to leave unchanged its previous determination that eighty percent of wife's 401(k) account was marital property. According to husband's argument, the increased value of wife's 401(k) account required awarding him an additional credit of $12,686 against the monetary award.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396

2

S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The evidence indicated that wife made post-separation contributions to her 401(k) account. In seeking to impose a claim on the increased value of wife's 401(k) account, husband drew no distinction between increases attributable to these contributions, which are wife's separate property, and increases attributable to earnings on the marital portion of the account. Code § 20-107.3(A). "'[T]he burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply . . . must have the evidence before it . . . to grant or deny a monetary award.'" Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 500 (1987) (citation omitted). In the absence of evidence with which to make a distinction, we find no error on the part of the trial court in failing to credit husband with an additional interest in wife's 401(k) account.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.