COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

DORA L. MOORE
                                              MEMORANDUM OPINION*
v.   Record No. 0470-97-4                          PER CURIAM
                                              SEPTEMBER 2, 1997
ALPHONSO W. MOORE

              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                       Frank A. Hoss, Jr., Judge

              (Bryant A. Webb, on brief), for appellant.

              (David H. White, on brief), for appellee.


     Dora L. Moore (wife) appeals the decision of the circuit

court awarding her less than fifty percent of the marital share

of husband's pension and considering the negative equity of a

piece of marital real estate when calculating its value.  Wife

withdrew three other issues concerning custody and child support

initially raised.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

                              Pension

     "Fashioning an equitable distribution award lies within the

sound discretion of the trial judge and that award will not be

set aside unless it is plainly wrong or without evidence to

support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The trial court determined that the marital share of husband's Navy pension was approximately ninety percent of the total pension. Under Code § 20-107.3(G)(1), the trial court was authorized to award wife no more than fifty percent of the marital share. In this case, both husband and wife worked during the marriage and both parties had earned pension benefits in their own names. The trial court considered the parties' marital property, including wife's separate pension benefits, and awarded wife thirty percent of husband's monthly pension benefits. Similarly, the trial court awarded husband thirty percent of wife's pension.

Wife acknowledged that the Virginia statutory scheme of equitable distribution does not presume an equal division of marital assets. See Alphin v. Alphin, 15 Va. App. 395, 404, 424 S.E.2d 572, 577 (1992). The equitable distribution decree demonstrated that the trial court considered the statutory factors before making its equitable distribution decision. Therefore, because the trial court considered the statutory factors, based its decision upon the evidence, and did not abuse its discretion, we find no grounds for reversing the court's

decision concerning wife's share of husband's pension.

## Real Estate

The trial court set out in detail, based upon the evidence presented by the parties, the parties' respective expenses and income derived from the various pieces of real estate purchased during the marriage. Based upon the evidence, the trial court found that marital property located in Jacksonville, Florida had a negative equity, i.e., the outstanding mortgage attached to the property exceeded its estimated market value. Wife contends, without citation to authority, that a trial court may not consider negative equity. We find no support for this assertion. Code § 20-107.3(C) expressly authorizes the trial court to "apportion and order the payment of the debts of the parties." Therefore, we find no error in the trial court's calculation of the value of this piece of property based upon its outstanding debt.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

3