COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bumgardner and Lemons

JOHN HALL, JR.

v.   Record No. 1255-98-3

HALLIE M. HALL

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 24, 1998

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Clifford R. Weckstein, Judge

(John W. Acree; Jolly, Place, Fralin &
Prillaman, on brief), for appellant.

(Jack Vernon Altizer; Bettina C. Altizer;
Altizer & Altizer, on brief), for appellee.

John Hall, Jr. (husband) appeals the equitable distribution
decision of the circuit court. Husband contends that the trial
court erred by awarding Hallie M. Hall (wife) a sixty percent
interest in the marital residence and by failing to credit
husband with his post-separation mortgage payments. Upon
reviewing the record and briefs of the parties, we conclude that
this appeal is without merit. Accordingly, we summarily affirm
the decision of the trial court. See Rule 5A:27.

### Marital Residence

"Fashioning an equitable distribution award lies within the
sound discretion of the trial judge and that award will not be
set aside unless it is plainly wrong or without evidence to
support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The evidence demonstrated that the parties purchased the marital residence during the marriage. Wife contributed approximately $5,000 in separate funds to pay closing costs and to purchase appliances for the home. Wife presented evidence that she also paid more than half of the mortgage payments during the time she resided in the marital home and made additional contributions towards improving and maintaining the marital home. Husband presented no evidence, having failed to appear at the equitable distribution hearing despite receiving and acknowledging notice in open court.

Virginia's equitable distribution scheme does not provide "a statutory presumption of equal distribution." Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). The evidence recited in the above paragraph supports the trial court's decision. Therefore, husband has failed to demonstrate grounds for reversal.

In his brief, husband contends that the record fails to demonstrate that the trial court considered the statutory factors set out in Code § 20-107.3. This argument was never raised before the trial court and will not be considered for the first

time on appeal.  <u>See</u> Rule 5A:18.

<u>Post-Separation Contributions</u>

Husband lived in the former marital residence after the parties' final separation.  Wife's evidence showed that husband delayed the resolution of the equitable distribution issues, in part by denying a real estate appraiser access to the home.  In light of the benefit husband received through his sole possession of the marital home, and his responsibility for delaying a final resolution of that matter, we find no error in the trial court's decision to deny appellant additional credit for his post-separation mortgage payments.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.