COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Lemons

HYEKYUNG KIM ST. CLAIR

MEMORANDUM OPINION[*]
v.   Record No. 1743-98-3               PER CURIAM
                                    JANUARY 19, 1999
DALLAS B. ST. CLAIR

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Roy B. Willett, Judge

(Sam Garrison, on brief), for appellant.

(Arthur P. Strickland, on brief), for
appellee.


Hyekyung Kim St. Clair (wife) appeals the equitable distribution decision of the circuit court.  The trial court found that the marital residence was the separate property of Dallas B. St. Clair (husband).  Wife contends that the trial court erred by refusing to find that her contributions to the marital residence transformed husband's separate property into marital property.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

support it." <u>Srinivasan v. Srinivasan</u>, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." <u>Ellington v. Ellington</u>, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

Husband purchased the land at issue in 1985 and began building the house which became the marital residence in 1992. Husband paid for the home entirely from his separate funds, and the property was titled in his name.  When the parties married in June 1994, the exterior construction of the home was largely completed.  The parties agreed that wife assisted with some interior construction work, and helped wallpaper and paint the interior.  The parties separated in March 1997.

Code § 20-107.3(A)(1) provides that separate property includes "(i) all property, real and personal, acquired by either party before the marriage."  Evidence supports the trial court's finding that the residence was husband's separate property, as he owned the land and completed a substantial portion of the construction of the home prior to the parties' marriage.  Code § 20-107.3(A)(3)(a) provides that property may be classified as part marital and part separate:

> In the case of the increase in value of
> separate property during the marriage, such
> increase in value shall be marital property
> only to the extent that marital property or
> the personal efforts of either party have
> contributed to such increases, provided that
> any such personal efforts must be significant

> and result in substantial appreciation of the separate property.

The trial court awarded wife $4,662, which was one-half the value by which the property appreciated during the marriage. Because the trial court's decision complied with the statutory requirements and was supported by the evidence, we find no error.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.