COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


NANCY BRECKENRIDGE

MEMORANDUM OPINION[*]

v.    Record No. 2198-98-4                PER CURIUM
                                          JUNE 8, 1999

CHARLES T. BRECKENRIDGE


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
John W. Scott, Jr., Judge

(Nicholas A. Pappas, on briefs), for
appellant.

(William G. Dade, on brief), for appellee.


Nancy Breckenridge appeals the equitable distribution award
of the circuit court. She contends that the trial court erred in
(1) its classification of certain items of personal property; (2)
its valuation of certain items of marital property; and (3) its
division of the equity in the marital residence and the retirement
benefits of her husband, Charles T. Breckenridge. Upon reviewing
the record and briefs of the parties, we conclude that this appeal
is without merit. Accordingly, we summarily affirm the decision
of the trial court. See Rule 5A:27.

"Fashioning an equitable distribution award lies within the
sound discretion of the trial judge and that award will not be set
aside unless it is plainly wrong or without evidence to support

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

## Classification of Property

The wife contends that the trial court erred by classifying three guns as husband's separate property while classifying a van she received from her family as marital property.  We find no error.

Husband acquired two guns during the marriage.  The trial court's memorandum opinion demonstrates that it considered some portion of husband's gun collection to be marital property because it was acquired during the marriage.  The court then awarded the entire collection to husband.  We find no error in the trial court's classification of the gun collection.

Wife challenges the trial court's classification of the 1995 van as a marital asset.  We find no indication that wife raised this objection before the trial court.  It is not included in either the motion for reconsideration or the noted exceptions to the trial court's final decree.  In the reply brief, wife asserts that she raised this argument in detail in a trial memorandum filed with the court.  Wife also asserts that

the memorandum was part of the record in this case.  Our review of the record before us discloses no trial memorandum in which wife set out this objection.  We also note that wife did not cite the memorandum when indicating where the question presented had been preserved.  See Rule 5A:20(c).  As neither the motion for reconsideration nor the exceptions to the final decree contain this objection, we find that, in the record before us, it was not preserved for appeal.  Therefore, we will not consider this contention.  See Rule 5A:18.

## Valuation of Marital Property

The wife also contends that the trial court erred when it valued husband's gun collection at $0 and accepted husband's value for the parties' personal property.  Although the wife argued before the trial court that the gun valuation was erroneous, counsel conceded that no evidence as to value was presented.  The trial court expressly noted that it could not value the collection in the absence of any evidence.  In light of the fact that the parties failed to present evidence from which the court could calculate a value for the gun collection, we find no error in the trial court's decision to give the collection no value.

The husband presented an exhibit setting out purported values for items of property held by the parties.  The basis for the assigned value was included in the exhibit as well as

- 3 -

described in the husband's testimony.  The wife gave an undifferentiated estimate that all items in her possession were worth "maybe, five thousand dollars."  "The burden is on the parties to provide the trial court sufficient evidence from which it can value their property."  Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989).  We cannot say, based upon the evidence presented by the parties, that the trial court's decision to accept the husband's valuation evidence was clearly erroneous.

## Division of Marital Property

The wife argues that the trial court erred when it ordered the payment of $10,000 to the husband's mother from the proceeds of the sale of the marital residence as repayment of a loan. The husband testified that his mother provided the $10,000 down payment towards the purchase of the marital residence.  He introduced into evidence the deeds of sale and of trust which indicated that the parties financed only $130,500 of the total purchase price of $145,000 when they purchased the marital residence.  The wife did not refute the husband's testimony that his mother provided funds towards the down payment.  While the husband's mother testified that she made additional payments to the parties after the purchase of the home, she also clearly stated that the payments she made were not gifts.  Evidence supports the trial court's decision that there was a marital

debt of $10,000 owed to the husband's mother.  The statute authorizes the trial court to direct the payment of this debt from the proceeds of the sale of the marital residence.  See Code § 20-107.3(C).  Therefore, we find no error.

As noted above, we find no error in the trial court's decision to accept the valuation evidence presented by the husband for the parties' personal property.  The trial court ruled that it would not award wife an interest in either the husband's Thrift Savings Plan account or his FERS benefit, in part due to the disposition of the personal property and because of the husband's "relatively brief period of employment with the Federal Government."  Virginia's equitable distribution scheme does not provide "a statutory presumption of equal distribution."  Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986).  We find no abuse of discretion in the trial court's division of the parties' property.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.