COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


JOHN MITCHELL BURGESS

MEMORANDUM OPINION[*] BY
v.    Record No. 1813-99-3        JUDGE RUDOLPH BUMGARDNER, III
                                          MAY 23, 2000
SHIRLEY CLARKE BURGESS


FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Dixon L. Foster, Judge Designate

George W. Townsend, III, for appellant.

R. Scott Pugh (Valerie J. Mayo; Mayo & Mayo,
on brief), for appellee.


John M. Burgess appeals an equitable distribution award arguing the trial court erred in classifying and valuing parcels of real property and in not establishing a total value of the marital estate.  He also challenges the trial court's use of the wife's property valuations.  Both parties contend the trial court erred in reducing the total value of the marital estate by $66,000 before dividing it.  We conclude the reduction of the value of the marital estate was error, and we remand the cause for reconsideration of its division of the marital estate.

The parties met September 24, 1994, married August 9, 1996, separated May 25, 1998, and the wife filed for divorce on August

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

28, 1998. The wife earned approximately $35,000 and owned a house, a rental property, a bank account, and a car. She had a small credit-card debt. The husband earned approximately $25,500 per year farming and hauling. He had a bank account, a truck, and a rental property. The parties lived in the wife's house, and the husband paid her approximately $300 per month for expenses.

The wife submitted a request for admissions that asked whether an attached list of their property was "an accurate and complete list of the property and debts of the parties." The husband did not reply to the request for admissions. The trial court granted a motion to deem the request admitted except as contradicted by the husband's answers to discovery interrogatories. No contradictions were noted.

No transcript was made of the equitable distribution hearing, so the record does not provide the verbatim record of the testimony and incidents of the hearing. However, the statement of facts, which the trial court certified, reflects that the trial court properly classified and valued the various items of property as required by Code § 20-107.3. Using the wife's Exhibit 1 "Real and Personal Property and Accounts" as a list, the trial court classified and valued, line by line, each item of property. Trial courts are required to classify the parties' property, and assign it a value. See Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991).

-

The husband's allegation that the trial court erred in admitting the valuations presented in the wife's request for admissions is without merit. See Rule 4:11(a) (each submitted admission "is admitted unless, within 21 days . . . the party to whom the request is directed serves . . . a written answer or objection . . ."). While the trial court accepted most of the values assigned by the wife in her Exhibit 1, it altered and adjusted some values as noted in the findings of fact. The trial court gave the husband the opportunity to object to the wife's valuations, but he failed to present objections and did not present any contradictory evidence. When the trial court made its ruling, item by item, the husband still did not specify his objections to the rulings.

The evidence in the record supports the classification and valuations of the parties' real property. The trial court classified and valued the parties' real estate: the Chandler's Mill property, marital property, valued at $49,000; the Kings Lane property, marital property, valued at $30,187.1; the Lutreville property, hybrid property, valued at $53,056.57; and the Poplar Hill property, hybrid property, allocated as $2,000 marital property and $28,780 as the wife's separate property. Similarly, it supports the determinations for the personal property and for the debts of the parties. On this record made, we cannot say that the trial court abused its discretion in classifying and valuing the marital estate.

-

The total value of the marital estate was $248,553.41. However, before allocating that sum between the parties the trial court announced that it was reducing the total value by $66,000. The trial court explained, "an adjustment of $66,000 downwards in the total of the marital property equity and values is appropriate based upon the totality of the evidence including the short length of the marriage and the contributions of the parties to the marital assets prior to transmutation and during the marriage before calculating a lump sum award." From the reduced amount, the trial court deducted the value of the property in the wife's possession; then it allocated half of that remainder to each party.

Both parties appeal the trial court's reduction of the marital estate by $66,000 before distributing it. The husband argues the determination was inconsistent with the factors identified in Code § 20-107.3, but does not otherwise specify his objection. The wife argues the arbitrary reduction was an abuse of discretion. She requests that we award her half the total value of the estate.

A decision regarding equitable distribution rests within the sound discretion of the trial court, and we will not disturb it unless it is plainly wrong or without evidence to support it. See McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory

-

mandates, this Court will not reverse on appeal." <u>Ellington v. Ellington</u>, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

After the trial court classifies and values the marital estate, it must divide the estate equitably in accordance with the factors in Code § 20-107.3(E). In this case, the trial court relied upon factors listed in that subsection to reduce its valuation of the marital estate. The trial court emphasized the duration of the marriage, the parties' relative debts, and their contributions to the marital estate as considerations. These are some of the considerations under Code § 20-107.3(E), but the trial court erred when it used them to value the estate rather than to apportion it. The net effect was to reduce the total award decreed to the wife.

"Virginia law does not establish a presumption of equal distribution of marital assets." <u>Matthews v. Matthews</u>, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998) (citing <u>Papuchis v. Papuchis</u>, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986)). The trial court is vested with broad discretion to divide equally the assets or "to make a substantially disparate division of assets" pursuant to Code § 20-107.3(E). <u>Id.</u> (citing <u>Aster v. Gross</u>, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988)). The trial court may not, however, reduce the value of the estate to the benefit of one party by adjusting the value of the marital estate even if it relies on factors that could permit it to decree an unequal distribution.

-

Based on the record, we affirm the classifications and valuations of the marital estate.  We conclude the trial court proceeded incorrectly by reducing the marital estate before decreeing equitable distribution.  Because the trial court did not apply the factors in Code § 20-107.3(E) at the proper stage of its deliberations, we reverse and remand for reconsideration in light of this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.