COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judge Annunziata and Senior Judge Willis
Argued at Alexandria, Virginia


MICHAEL A. PLUNKETT
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1525-03-4                      JUDGE JERE M. H. WILLIS, JR.
                                                    FEBRUARY 17, 2004
SHAZA A. PLUNKETT


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

Drake T. Brodin for appellant.

Sharon Voyles Filipour (Kinsey, Lynch & Filipour, on briefs), for
appellee.


On appeal from a revised final decree of divorce entered May 29, 2003, Michael A.

Plunkett (husband) contends the trial court erred 1) in determining the values of the marital

equity and his separate equity in nine parcels of real estate titled solely in his name, 2) in finding

that he failed to trace his separate funds in those properties, 3) in failing to award him a share of

Shaza A. Plunkett's (wife) defined pension, and 4) in granting wife a reservation to request

spousal support and maintenance.  Wife contends that the trial court erred in refusing to award

her attorney's fees.  We affirm the judgment of the trial court.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were married in April, 1989 and separated in 2001. At the time of the marriage, husband owned seven parcels of real estate, including the house the couple occupied as their marital residence. He rented out the other properties. During the marriage, husband purchased two additional rental properties. All nine properties were titled solely in his name. From the beginning of the marriage, the parties commingled their incomes into joint bank accounts, which included wife's earnings, husband's salary, and the proceeds from the rental properties. Husband maintained the accounts and from them paid marital expenses, serviced the mortgages on the nine properties, and paid other expenses relating to those properties.

## ANALYSIS

### I. and II.

Husband contends that the trial court erred in determining the values of the properties and in finding he failed to trace his separate funds into those properties. Because these issues are interrelated and interdependent, we will address them together.

A decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it. See McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

Pursuant to the provisions of Code § 20-107.3(A)(3), property may be classified as part marital and part separate, or "hybrid" property. In pertinent part, Code § 20-107.3(A)(1) provides that "[s]eparate property is . . . all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party . . . ."

> When marital property and separate property are commingled by contributing one category of property to another, resulting in the loss of identity of the contributed property, the classification of the contributed property shall be transmuted to the category of property receiving the contribution. However, to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift, such contributed property shall retain its original classification.

Code § 20-107.3(A)(3)(d).

"[T]he party claiming a separate interest in transmuted property bears the burden of proving retraceability." von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997). "This process involves two steps: a party must first (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset." Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997). Husband acknowledges that the nine properties are hybrid and that he bore the burden of tracing any contributions that he claimed were his separate funds.

Husband purchased seven of the properties prior to the parties' marriage. His equities at that time were separate. However, he maintained the properties, including paying the mortgages, taxes, and insurance, from marital accounts. Thus, he commingled marital funds with separate property. Consequently, the properties were acquired in part with marital funds. "The 'acquisition' of property refers to the process of purchasing and paying for property." Moran v. Moran, 29 Va. App. 408, 413, 512 S.E.2d 834, 836 (1999).

Husband correctly notes that the "tracing of the separate portion of hybrid property does not require the segregation of the separate portion." Rahbaran, 26 Va. App. at 207, 494 S.E.2d at 141. However, "[e]ven if a party can prove that some part of an asset is separate, if the court cannot determine the separate amount, the 'unknown amount contributed from the separate source transmutes by commingling and becomes marital property.'" Id. at 208-09, 494 S.E.2d at 141 (citation omitted). The funds in the bank accounts were hopelessly commingled. Husband

deposited funds from the rental properties into the same accounts in which he and wife deposited their earnings. He paid expenses on the properties from the same accounts. He acknowledged that in some years one property would have expenses that exceeded the total of that property's rental income. At those times, he simply resorted to "internal" accounting methods, claiming that he used "excess" income from another property to pay those expenses. The resulting jumble supports the trial court's finding that husband failed to record and trace the separate funds convincingly.

Husband presented the trial court with a copious and confused array of alleged records relating to rental proceeds, deposits, refinancing, mortgage payments, and sundry costs and expenses, which he asserted related to the subject properties. However, the conclusions he sought to have drawn from this documentary array varied with each presentation, and the figures he proposed on appeal were different from those he proposed to the trial court. This confusion renders his arguments unpersuasive and supports the trial court's conclusion that he failed to carry his burden of proof. The trial court's determination of the marital values in the several properties fell within the evidence before it and thus is supported by that evidence. We find no error in the court's conclusions.

III.

Husband contends the trial court abused its discretion in failing to award him a share of wife's defined pension earned during the marriage. He asserts only that "the trial court offer[ed] no explanation to [sic] the denial of the division" of the asset and that we should therefore remand this issue to the court for failing to "provide this [C]ourt with the necessary information to insure [his] evidence was properly considered."

However, husband asked the court to award wife one hundred percent of her defined pension. At no time did he request the court award him a portion of wife's pension. "Husband

will not be permitted to approbate and reprobate, ascribing error to an act by the trial court that comported with his representations." Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000). Therefore, we need not address this issue.

IV.

Husband contends the court erred in granting wife a reservation to request, at a future time, an award of spousal support. He argues that "[a] review of the transcript does not support the representation that a request for a reservation of spousal support was submitted at trial."

However, at trial, wife's counsel stated, "I'd like to reserve the right to ask for spousal support . . . ." The trial court ruled this language was "clearly a reservation." We agree and find no error in this ruling.

Husband also alleges the trial court erred in failing to make written findings or conclusions as required by Code § 20-107.1(F) to justify reserving spousal support. Husband did not make this argument to the trial court. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Accordingly, we will not address this issue.

V.

Wife argues the trial court erred in refusing to award her attorney's fees. "An award of attorney fees is discretionary with the court after considering the circumstances and equities of the entire case and is reviewable only for an abuse of discretion." Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993). "The key to a proper award of counsel fees is reasonableness under all of the circumstances revealed by the record." Ellington v. Ellington, 8 Va. App. 48, 58, 378 S.E.2d 626, 631 (1989).

Upon review of the record in this case, we cannot say that the trial court abused its discretion in refusing to award attorneys' fees.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>