**Salem**

KENNETH EARL BENTZ

v.

VICKI MARTIN BENTZ

No. 0627-85

Decided July 1, 1986

COUNSEL

Charles B. Phillips (Phillips, Doherty & Swanson, on brief), for appellant.

Melissa E. Kane (Richard Lee Lawrence, Lawrence & Lumsden, on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal of a divorce decree Kenneth Earl Bentz, the husband, presents two issues: (1) whether the court erred in denying his motion to amend his bill of complaint to allege adultery; and (2) whether the court erred in its distribution of marital property. We conclude that no error has been demonstrated, and we affirm the trial court's decision.

The parties were married thirteen years and had no children. The husband sought a divorce on the grounds of desertion and cruelty and requested equitable distribution of the marital property. Neither party requested spousal support. The court granted the parties a divorce on the ground of continuous and uninterrupted separation for a period in excess of one (1) year. The court did not make an equitable monetary award, but did rule that the parties were entitled to share equally in the division of the marital property—all of which was owned or titled jointly. The court specifically ruled that each party was entitled to fifty percent of the equity in the marital residence and in the jointly titled 1982 Mazda RX7 automobile. Each party was to keep his or her own

motorcycle. The court declared that each party would be responsible for fifty percent of the liability on a bank loan. The appellant's challenge is limited to the failure to make a monetary award. He does not contest, and we do not consider, the trial court's rulings concerning the manner in which the jointly owned marital property is to be divided or partitioned. *Cf McGinnis* v. *McGinnis*, 1 Va. App. 272, 276, 338 S.E.2d 159 (1985).

After an *ore tenus* hearing on February 6, 1985, the court delayed entry of the final decree in order to afford the parties an opportunity to explore settlement of the equitable distribution issues. When settlement efforts failed, the proceeding was resumed on March 28, only for the court to rule on an equitable distribution award and to enter the final decree. At that time the husband moved for leave to file an amended bill of complaint alleging adultery. After reviewing the record, the court denied the motion to amend and entered the final decree.

■ The husband contends that the court erred in denying his motion to file an amended bill of complaint because the amendment would have strengthened his argument for a monetary award under Code § 20-107.3(D). The right to file amended pleadings pursuant to Rule 1:8 rests in the sound discretion of the court, but shall be liberally granted in furtherance of the ends of justice. *Roberts* v. *Roberts*, 223 Va. 736, 742, 292 S.E.2d 370, 373 (1982). We find under the circumstances that the trial court did not abuse its discretion in denying the motion to amend. Granting the amendment would not have furthered the ends of justice in any manner. Under Code § 20-107.3(E)(5), in determining whether and how to grant an equitable distribution award, the court *shall* consider the circumstances and factors which contributed to the dissolution of the marriage. The circumstances need not constitute grounds for divorce and are not required to be pled to be considered in making a monetary award. The evidence before the court from the *ore tenus* hearing proved that the wife had a lover. The husband was not prevented from proving the nature and duration of the relationship. Both parties had waived any claim for spousal support. The sole effect of the amendment would have been to delay final resolution of the issues. Because no good cause was demonstrated the trial court did not err when it denied the motion to amend.

The husband's second contention is that the court erred in not granting him a monetary award. The husband introduced exhibits which proved that he had made over seventy percent of the monetary contributions and payments to purchase the marital property and proved that $10,000 acquired from his mother after the marriage was used as a downpayment on the marital home. He contends that the court in its ruling on equitable distribution refused to take into consideration the evidence of his monetary contributions to the acquisition of the marital property.

In *Rexrode v. Rexrode*, 1 Va. App. 385, 339 S.E.2d 544 (1985), we recognized that the task of the trial court in making an equitable distribution award is formidable. The delicate and difficult judgments which must be made require the exercise of considerable discretion by the trial judge. Where, as in this case, the court considers whether an equitable monetary award may be appropriate, all of the provisions of Code § 20-107.3 must be followed. The statute provides a scheme for granting a monetary award in an appropriate case based upon the equities and the rights and interests, monetary and nonmonetary, of each party in the marital property.

The court's order reflects that its ruling regarding equitable distribution was based upon the provisions of Code § 20-107.3. We find nothing in the record to indicate that the judge refused or failed to take into account the husband's evidence concerning his monetary contribution to the acquisition of marital property or failed to consider the wife's conduct in contributing to the dissolution of the marriage. The order specifically found that the $10,000 from the husband's mother was a gift, not a loan, made during the marriage and used to acquire marital property. While the court in considering a monetary award is required to take into account the source of funds used in the acquisition of marital property, this factor is to be balanced against all other factors, including both monetary and nonmonetary contributions from the other party to the well-being of the family during the marriage. Moreover, the record before us does not support a finding that the monetary gift from the husband's mother was not intended to be for the parties jointly. Likewise, the percentage of the monetary contributions toward acquisition of the marital property is only one factor to be considered in making a monetary award. The evidence before the trial court established that the funds, exclusive of the $10,000 gift

which the husband contributed to acquire the marital property were from earnings during the marriage and not from an independent source or separate property. Additionally, counsel acknowledged at oral argument that the trial court had evidence before it that throughout the marriage the wife had income essentially equal to that of the husband. At the time of the divorce each had earned income in excess of $100,000 annually. There was no evidence to indicate that the portion of the wife's earnings which was not used to acquire marital property was used for any purpose which did not further the well-being of the family. While there is no presumption in Virginia favoring equal division of marital property, *Papuchis* v. *Papuchis*, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986), neither is a court constrained from making an equal division if it finds it appropriate to do so upon consideration of the factors of Code § 20-107.3. We cannot find on the record before us that the trial court upon balancing all factors was plainly wrong in refusing to grant the husband a monetary award.

We conclude that the trial court committed no error in refusing to grant a monetary award. The decree of the trial court is hereby affirmed in all respects.

*Affirmed.*

Benton, J., and Moon, J., concurred