COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Alexandria, Virginia


DONALD CARTER BROWN

v.        Record No. 0649-95-4        MEMORANDUM OPINION[*]
                                   BY JUDGE JOSEPH E. BAKER
NANCY N. BROWN                        FEBRUARY 6, 1996


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Arthur B. Vieregg, Jr., Judge

         John P. Snider (Donna M. Matthews; Matthews, Snider &
         Williams, on brief), for appellant.

         Marcia M. Maddox (Heather A. Dipoma; Law Office of
         Marcia M. Maddox, on brief), for appellee.



     Donald Carter Brown (husband) appeals from a decree of

divorce and an equitable distribution award entered by the

Circuit Court of Fairfax County (trial court) granting the

divorce to Nancy N. Brown (wife) on the ground of desertion and

finding that Walter A. Brown of Virginia, Inc. (the corporation)

was marital property.  Husband contends that the trial court

erred in finding the corporation to be marital property; in

making the equitable distribution award; and in determining the

amount of spousal support and attorney's fees awarded to wife.

     Husband and wife married upon wife's graduation from college

on August 9, 1958.  The two children born of the marriage were

emancipated at the time the bill of complaint was filed.  Wife

worked full-time for the first two years of the marriage while

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

husband worked and finished college. Upon the birth of the first child, with husband's agreement, wife stopped work and did not return to work outside the home for twenty years. After college, husband went to work in the family real estate and insurance business. Husband worked long hours in his insurance business and did outside work around the house. He also helped wife with tasks which she was not strong enough to accomplish on her own. Wife primarily raised the parties' two children and supervised their training and care.

During the marriage, the parties owned four houses. Through a small construction company he partly owned, husband contracted to construct one of the family-owned houses. At the time of the hearing in this matter, two of the houses had been sold. Of the two that remained, one was the marital residence on Princess Street in Alexandria, and the other was in Tappahannock, known as the River House.

Wife testified that the River House was purchased for $50,500, and that after paying $10,000 from their joint account toward that price, the remaining $40,500 was financed. Husband was not consistent in his testimony concerning the method of payment for the River House. After stating that he invested his own separate funds as the initial partial payment, he claimed that payment was in the sum of $30,000, then later admitted the first payment was only $10,000.

In 1972, husband, his brother, and sister inherited their

father's District of Columbia real estate and insurance business. Thereafter, in 1974, husband took the insurance business and formed a new Virginia corporation, Walter A. Brown of Virginia, Inc., also known as Brown Insurance Company. Husband's brother kept the inherited real estate business in Washington D.C. The parties stipulated that the value of husband's business as of 1994 was $225,000. The record does not disclose the value of assets contributed to the new Virginia corporation or its initial value.

Wife worked at husband's office for a period of time during the marriage and was compensated for her work. She earned her resident agent's license to sell insurance and was named as the secretary/treasurer of the business. She did some entertaining for the office at the parties' home and accompanied husband on business trips.

In 1988, wife's mother died. Wife inherited a one-third share of the assets owned by her mother, plus a one-third beneficial interest in a trust established by wife's grandmother's will. The inheritance consisted mostly of real property in which wife's interest was valued at $1,273,354. Between 1988 and the date of the hearing, a "substantial amount" of the inherited properties had been placed on the market for sale. Some distributions had been made to the beneficiaries in small amounts; however, a representative of the trustee testified that "the accounts were never in a liquid position in order to

make distributions on a regular basis, and if there were distributions made at some point in time, they had to be covered usually by borrowing at another time."

At the time of the final hearing, wife was 58 years old, husband was 59, and both were in good health. Wife was employed part-time by the Maryland National Capital Park and Planning Commission where, she testified, there was no opportunity for advancement in her position. Wife's monthly gross income from all sources was $2,293.22, there being no income available from her inheritance.

Husband continued to work for himself in his insurance business. The amount of his income shown on his expense sheet was $3,000 per month. Husband's accountant testified that husband set his own salary and that his commissions had "decreased substantially" from $429,000 in 1990 to $319,000 in 1993. Wife introduced evidence that husband's average taxable income for the years 1989 through 1993 was $110,412. Wife claimed that her average taxable income was $16,900.60.

The trial court recognized that husband's insurance business had been inherited by husband, but concluded that the newly formed corporation was marital property. The court stated:

> The Court finds that the evidence received was inadequate to show the amount of [husband's] inheritance now invested in the company. The court therefore concludes that the corporation's value, $225,000.00, is entirely marital property.

## I. The Corporation

Husband argues that the trial court's judgment with respect to the classification of the marital property is contrary to the law and evidence. "A judgment of the trial court will not be set aside on the ground that it is contrary to the [law and] evidence unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986) (citing Code § 8.01-680). The record shows that the corporation was formed during the marriage and fails to show the value of the corporation when it was formed or the value of any separate property contributed by husband to the corporation. Property acquired during marriage is presumed to be marital property, in the absence of satisfactory evidence to the contrary. Bowers v. Bowers, 4 Va. App. 610, 615, 359 S.E.2d 546, 549 (1987); Rexrode v. Rexrode, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986); Code § 20-107.3(A)(2). That presumption places the burden on the party seeking to refute it to present evidence to overcome the presumption. When that party with the burden of proof on an issue fails to meet its burden, it cannot prevail on that question. Id. at 617, 359 S.E.2d at 550. Because husband has failed to present such evidence, we cannot say that the trial court was plainly wrong.

## II.  Support

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the

[trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). In our review, we must determine if there is evidence to support the trial court's discretionary decision. There was evidence that husband's average earnings during the past several years were approximately $100,000 annually, whereas wife's average income was shown to be approximately $16,000 per year. We cannot say that the trial court's support award was plainly wrong or without evidence to support it. See Gottlieb v. Gottlieb, 19 Va. App. 77, 448 S.E.2d 666 (1994).

### III.  Marital Award

Husband further contends that the marital award made to wife by the trial court was equal to 55.9% of the marital estate. "[T]he percentage of the monetary contributions toward [the] acquisition of the marital property is only one factor to be considered in making a monetary award." Bentz v. Bentz, 2 Va. App. 486, 489, 345 S.E.2d 773, 774-75 (1986).

There is no presumption in Virginia favoring equal division of marital property. Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). This Court has said that the term "equitable distribution" does not mean "equal distribution." Marion v. Marion, 11 Va. App. 659, 663, 401 S.E.2d 432, 435 (1991). In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one.

Fashioning an equitable distribution award lies within the sound discretion of the trial judge whose award will not be set aside unless plainly wrong or without evidence to support it. Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1978). "Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).

We have examined carefully the trial court's letter opinion and find that it clearly discloses that the trial court complied with the requirements of Code § 20-107.3, and that its findings are supported by evidence in the record. Therefore, we cannot say that its judgment was plainly wrong.

### IV.  Attorney's Fees

An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reversible on appeal only for an abuse of discretion. Furr v. Furr, 13 Va. App. 479, 484, 413 S.E.2d 72, 75 (1992). The key to a proper award is the reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). In review of all the circumstances of this case, we cannot say that an abuse of trial court discretion has been shown.

Accordingly, for the reasons stated, the findings of the trial court are affirmed.

Affirmed.

- 7 -