COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


SANDRA C. LONG
                                    MEMORANDUM OPINION* BY
v.   Record No. 1723-98-2        JUDGE RUDOLPH BUMGARDNER, III
                                         OCTOBER 5, 1999
GEORGE MAURICE LONG, III


             FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    Richard H. C. Taylor, Judge

           J. W. Harman, Jr. (Torrence M. Harman;
           Harman & Harman, on briefs), for appellant.

           Terrence R. Batzli (Barnes & Batzli, P.C., on
           brief), for appellee.


     Sandra Long appeals from a decree establishing equitable

distribution, denying spousal support, and awarding attorney's

fees to George Maurice Long, III.  The trial court referred the

case to a commissioner in chancery who heard the matter and

filed his report June 3, 1997.  Both parties filed exceptions to

the report.  The commissioner reported that the husband should

be granted a divorce on the grounds of desertion, but the trial

court decreed the divorce on grounds of a one-year separation.

Neither party objected to the divorce decree, or to reserving

decision on the remaining issues.  On July 14, 1998, the trial

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

court entered a decree affirming all remaining matters in the commissioner's report.

We combine the wife's assignments of error into four main complaints:  the trial court failed to determine title to, classify, or value the parties' property; allocated only 35% of the marital estate to her but charged $4,000 against her share; did not treat the husband's retirement supplement as marital property subject to distribution; and ordered her to pay $2,500 of the husband's attorney's fees.  The wife had appealed the denial of spousal support, but she conceded the issue became moot when she remarried.

The wife also contends that the commissioner erred in finding that she deserted the marriage.  Though the commissioner found that the wife deserted the marriage, the trial court did not grant the divorce on that ground.  The wife did not object to the trial court's decision to grant a no-fault divorce.  She cannot now complain of a decision beneficial to her.

The parties married in 1973 and had two children born in 1975 and 1977.  By mutual agreement the wife stayed at home and raised their children.  The husband began work as a fireman with Henrico County in 1977, and they lived in a home owned by the husband's mother.  The wife returned to work in 1984.  The parties' relationship began to deteriorate in 1990, and separation was discussed several times.  They finally separated in September 1995 when the wife insisted on taking a trip to

-

Cancun over the husband's objection.  She moved into an apartment, and the husband remained in the marital home.

In addition to the parties, several witnesses testified about the marriage.  Much of the husband's evidence related to the wife's relationship with a man who hired her to clean apartments and with whom the husband claimed she had an affair.  The wife denied having an adulterous relationship with the man.  The children testified for the husband and stressed that for the last seven years the wife had done little of the housework which she previously had done.

The parties' marital estate consisted principally of tangible personal property and one parcel of real estate consisting of fifty-eight acres of unimproved land in King and Queen County.  They shared a joint account at a credit union, and the wife had her own separate account.  Over a period of several years prior to their separation, the wife withdrew $3,887 from the joint account and deposited it into her separate account.  Over a similar period prior to their separation, she withdrew another $8,170 from the joint savings account, but the evidence did not show where it went.  After the wife's departure, the husband supported the children, made all credit cards payments, made payments on the wife's van, and reduced the principal owed on the property in King and Queen County by $5,616.

-

At separation, the husband had worked as a fireman for 18 years. He was entitled to receive retirement benefits from the county and to receive supplemental retirement benefits if he worked for twenty years and retired before age 65. The supplement would continue until age 65 when Social Security benefits would commence.

First, the wife complains that the court did not make findings as to legal title and value of the individual items of property, did not distribute the individual items of property between the parties, and did not partition the joint real estate. Essentially, she claims that the trial court did not follow the statutory outline and sequence of procedures for decreeing equitable distribution. While we do not sanction a trial court ignoring or condensing the statutory procedures for classifying and valuing property, we conclude that the trial court proceeded in a manner requested by the parties.

The parties asked the commissioner simply to determine a percentage allocation of marital assets. Neither party could agree on the value of assets and the differences in their opinions were large, yet they did not have the resources to have the numerous and varied items appraised and the issues fully litigated. The parties planned to divide the individual items of property between themselves after the commissioner fixed a percentage allocation. The wife argued that she was entitled to a 50% share, and the husband argued she was entitled to a 25%

-

share at most.  With their clients' approval, the attorneys requested the truncated procedure as a proper and practical way to resolve their dispute.  Having jointly made this request, neither party can complain that the full, formal statutory procedure should have been followed when later displeased with the portion received.

The wife complains that the trial court did not partition the real estate between the parties.  The parties completely disagreed about its value, and they presented no evidence other than their personal opinions of its value and to describe it as containing approximately fifty-eight acres of farmland and cut-over timberland.  The wife requested that the property "be split right down the middle" and that "the choice of which gets which half to be decided by a toss of the coin."  The commissioner's report did not specifically address the real estate.  Because we cannot determine whether the real estate was partitioned, or the proportions and the manner of the division, we remand for clarification or determination.

The wife complains that the trial court awarded her only 35% of the marital estate.  Though the commissioner found that the husband did not prove adultery, and the trial court did not grant the divorce based on desertion, the wife asserts that the commissioner's finding that she deserted the marriage tainted all other findings.  In support of her contention, the wife argues that the trial court erroneously applied the holding of

-

<u>O'Loughlin v. O'Loughlin</u>, 20 Va. App. 522, 458 S.E.2d 323 (1995), in determining equitable distribution. The wife interprets the trial court's order as finding that the husband's monetary and the wife's non-monetary contributions were equal. Thus, she argues the "lopsided" award was punishment for her conduct but not supported by a finding that the desertion created an adverse economic impact.

The wife misreads the trial court's finding. Although the trial court granted the divorce on the ground of one-year separation, the final order adopted the findings of the commissioner. That report stated that the husband made excessive monetary contributions to both the well-being of the family and the acquisition and maintenance of marital assets. It said the wife made excessive non-monetary contributions to the well-being of the family, but it said she did not make them to the acquisition and maintenance of marital assets. The commissioner's finding did not equate the husband's monetary and the wife's non-monetary contributions.

The record does not support the wife's contention that the trial court improperly stressed the evidence of fault or used it to punish her. The only time in the record the commissioner or the trial court considered the evidence of her deserting the marriage was when determining the equitable distribution formula. The negative impact of marital fault is an appropriate consideration in making an equitable distribution award. <u>See</u>

-

Code § 20-107.3.  Where there is marital fault that "affected the marital estate or the well being of the family," it may be considered in determining equitable distribution.  See O'Loughlin, 20 Va. App. at 527, 458 S.E.2d at 325.  The fault need not be sufficient to constitute grounds for divorce.  See Aster v. Gross, 7 Va. App. 1, 5-6, 371 S.E.2d 833, 836 (1988); Bentz v. Bentz, 2 Va. App. 486, 488, 345 S.E.2d 773, 774 (1986).  Consideration of marital fault is not limited to assessing waste or dissipation of marital property.  See O'Loughlin, 20 Va. App. at 527, 458 S.E.2d at 325.  Fault can "be considered in light of the other factors, such as the couple's nonmonetary contributions, under Code § 20-107.3(E)."  Id. at 528, 458 S.E.2d at 326.  The negative impact of marital fault can also be considered when it detracts from the well-being of the family and the marital partnership.  See id.

The commissioner found that the wife's fault affected the entire family.  During the marriage her primary contributions were non-monetary contributions to the well-being of the family and consisted of staying at home and being a housewife and a homemaker.  The evidence established that she no longer made those non-monetary contributions to the well-being of the family.  During the last few years before the parties' separation, the wife laid around the house complaining and refused to do any household chores.  In addition, the parties' children were aware that the wife's alleged boyfriend visited

-

the marital home late into the night while the husband was at work.  The commissioner found that her fault was the circumstance and factor that led to the dissolution of the marriage and thus affected the duration of the marriage.  The evidence established objectively that the wife's fault had a negative impact on the marital partnership.

In Virginia, there is no presumption that marital property will be equally divided.  See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986); Code § 20-107.  The trial court has discretion to determine what weight to give each statutory factor when making an equitable distribution award as long as it considers all the factors.  See Booth v. Booth, 7 Va. App. 22, 28, 371 S.E.2d 569, 573 (1988).  The record shows that the trial court considered each of the statutory factors; it was not required to quantify the weight given to each or weigh each factor equally.  See Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991).  Based on all the evidence, we conclude the trial court did not err in allocating 35% of the martial estate to the wife.

Next, the wife objects that the trial court excluded a supplement to the husband's retirement benefits from the marital assets subject to distribution.  She contends that the trial court erred when it ruled that the law enforcement officer supplement to his normal retirement was not part of his marital assets.  The husband was a fireman for Henrico County which had

-

elected to be a part of the state retirement system.  The county

also elected to have its firemen participate in the State Police

Officers' Retirement System pursuant to Code § 51.1-138.  Under

that program a beneficiary was entitled to receive a normal

retirement benefit and an additional annual allowance if he

retired before age 65.  See Code § 51.1-206.[1]  A retiree with

twenty years of service qualifies for the supplement, which

---

[1]     § 51.1-206. Service retirement allowance.
        A.  A member shall receive an annual
    retirement allowance, payable for life, as
    follows:
        1. Normal retirement. - The allowance
    shall equal 1.70 percent of his average
    final compensation multiplied by the amount
    of creditable service.

        *       *       *       *       *       *       *

        B.  In addition to the allowance
    payable under subsection A of this section,
    a member shall receive an additional
    allowance equal to $ 8,952 annually from
    date of retirement until his sixty-fifth
    birthday.
        Such allowance shall be reviewed and
    adjusted by the Board biennially to an
    amount recommended by the actuary of the
    Virginia Retirement System based upon
    increases in social security benefits in the
    interim. This subsection shall not apply to
    the following:  (i) any member who qualifies
    for retirement under subsection C of
    § 51.1-205 and is credited with less than
    twenty years' service rendered in a
    hazardous position or (ii) any member
    employed initially on or after July 1, 1974,
    who is credited with less than twenty years'
    service rendered in a hazardous position.

-

terminates at age 65 when the retiree would begin receiving Social Security benefits.

The husband argues that the law enforcement officer supplement is a post-retirement supplement that should not be considered marital property or a part of his retirement benefits. Because he is not eligible to receive it until he has worked twenty years, he could not acquire the right during the marriage. He cites Hodowal v. Hodowal, 627 N.E.2d 869 (Ind. Ct. App. 1994), and Luczkovich v. Luczkovich, 26 Va. App. 702, 496 S.E.2d 157 (1998).

Indiana provided a retirement supplement very similar to the one in this case. It paid until age 65 as a replacement to Social Security, and the employee did not qualify until his age and years of service totaled 85. At the time of divorce, Hodowal did not qualify for the supplement, but his basic retirement benefit had vested. In Hodowal the court held that the basic retirement benefit was marital because it had vested, but it held that the supplement was not marital because it had not vested. The Hodowal decision turned on whether the supplement was vested. In Virginia, the classification of a pension as marital property does not depend on whether it vested during the marriage. "The court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and

-

whether payable in a lump sum or over a period of time."  Code
§ 20-107.3(G)(1).

Hodowal explained its decision by reviewing Indiana's
treatment of military pensions.  See Kirkman v. Kirkman, 555
N.E.2d 1293 (Ind. 1990).  The Hodowal decision showed that
Indiana only classified military pensions as marital property if
the service member accumulated twenty years of service before
leaving the service.  See Hodowal, 627 N.E.2d at 873.

In Virginia, military pensions are classified exactly the
opposite from the way Indiana classified them.  See Holmes v.
Holmes, 7 Va. App. 472, 478, 375 S.E.2d 387, 391 (1988); Sawyer
v. Sawyer, 1 Va. App. 75, 78, 335 S.E.2d 277, 279-80 (1985).  In
Cook v. Cook, 18 Va. App. 726, 446 S.E.2d 894 (1994), the
parties were married for seven years, the husband was in the
service during the entire time the parties were married, and he
had completed a total of eleven years of military service.
Though he had to complete twenty years of active service for his
pension rights to vest, the trial court awarded the wife a share
of the pension.  This Court affirmed the decision and held:  "in
accord with our construction of Code § 20-107.3, awards may be
decreed prior to the pensioner's receipt of payments even though
future payments may be 'an expectancy.'  Based on this record,
it was not error to award wife seventeen percent of husband's
pension to be paid when received."  Id. at 729, 446 S.E.2d at
895.

-

The rationale used in Hodowal provides a proper rationale for analyzing the supplemental benefit in this case. However, it leads to the conclusion that in Virginia the supplement would be classified in exactly the opposite manner from which it was classified in Indiana. The supplement retirement benefits in this case are analogous to military pensions that we addressed in Cook. The members were potentially entitled to the benefit immediately upon employment. They had contract claims though these were conditional, but the benefits would vest or mature if the employee worked until retirement or the date it vested. The members must work for a minimum of twenty years before retiring to receive any benefit. In either the military or supplemental pension, retirement at any point before serving twenty years disqualified the member from receiving any benefit.

In this case, the basic retirement benefit was marital property and subject to equitable distribution for the period of service accumulated during the marriage. The basic benefit was marital property to the extent it accrued during the marriage even though the member might work for years after divorce before receiving any payment. The supplemental benefit was different than the basic benefit because it could not vest until the qualifying period of service, twenty years, was met. The benefit did not accrue, but it was similar to the military pensions which did not accrue benefits either. In the essential way the supplemental benefit differed from the basic benefit, it

-

corresponded to the military pension.  However, military pensions are treated as marital property despite that characteristic.  The feature that distinguished the husband's basic retirement benefit and the supplemental benefit did not affect the classification of military pensions.  It should not affect the classification of the supplemental benefit.

The second line of cases cited by the husband dealt with post-separation severance benefits.  In Luczkovich, the husband's employer was being acquired by another large drug store chain.  After the divorce, the employer offered the husband an incentive package to encourage the husband to take an early retirement.  The employer offered the severance package to pay the husband for past efforts and to encourage him to remain with the company pending the sale.  The employer conditioned the offer on merger with the other company.  See 26 Va. App. at 711, 496 S.E.2d at 161.  This Court held that the severance package was not marital property.  However, the type of benefit offered in Luczkovich was a post-separation severance package, not a retirement benefit, and is not similar to the supplement in this case.

Viewing the state retirement benefits as a whole, the basic benefit and the supplemental benefit are both part of an integrated and coordinated retirement package.  It is one complete program, not a grouping of unrelated items different and separate in nature and methodology.  There is no reason to

-

classify the supplement differently than the basic benefit. Unlike a post-separation retirement incentive, the supplement is not something offered after the divorce as an incentive to encourage the employee to retire earlier than normal. The trial court erred when it classified the retirement supplement as separate property and excluded it from the equitable distribution award.

The wife argues that the trial court erred in charging her share of the allocation of the marital estate with $4,000 which it characterized as a "prior contribution." The trial court found that between March 1992 and March 1995 the wife had transferred nearly $4,000 from a joint savings account and put it in her separate account.

The commissioner stated the evidence did not show whether or not the money withdrawn was a dissipation of marital funds. He found no evidence of the purposes for which the wife used the funds. The evidence was not sufficient to support a finding concerning the use of the funds. Waste is the "dissipation of marital funds in anticipation of divorce or separation for a purpose unrelated to the marriage and in derogation of the marital relationship at a time when the marriage is in jeopardy." Booth, 7 Va. App. at 27, 371 S.E.2d at 572. The evidence that she spent some of the money on her alleged boyfriend suggests a dissipation of funds, but the evidence of the expenditures was vague and suppositional. It showed that

-

several years prior to separation the wife withdrew funds.  The evidence also proved the wife occasionally spent funds for non-marital purposes, but it did not connect the times and amounts of the withdrawals.  Because the evidence was insufficient to permit an inference that the wife used the withdrawals for a non-marital purpose, the decision to charge $4,000 against the wife's marital share was in error.

Finally, the wife objects to the trial court ordering her to pay $2,500 of the husband's attorney's fees.  "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)).  "The key to a proper award of counsel fees is reasonableness under all the circumstances." Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)).  The trial court ratified the commissioner's findings that the wife caused unnecessary additional expense by changing attorneys right before the commissioner's hearing which forced a continuance in the case.  It also found that she was responsible for additional fees being incurred and that she could afford to bear $2,500 of the husband's fees.  The record supports the finding.  Accordingly, we conclude the trial court did not err in making that award.

-

We reverse and remand the trial court's decision to classify the husband's supplemental retirement benefits as separate property and to charge $4,000 against the wife's share of the marital estate.  We also remand the issue of partition of the real estate for clarification or determination.  All other issues are affirmed.

Affirmed in part,
reversed in part,
and remanded.

-