COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


JOHN A. RAIELLO
                                        MEMORANDUM OPINION* BY
v.    Record No. 2444-00-4              JUDGE G. STEVEN AGEE
                                           JULY 17, 2001
KATHLEEN L. RAIELLO


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                 J. Howe Brown, Jr., Judge Designate

            Donald S. Caruthers, Jr. (Donald S.
            Caruthers, Jr., P.C., on briefs), for
            appellant.

            Carl P. Horton for appellee.


     John A. Raiello (husband) appeals the September 8, 2000

decision of the Loudoun County Circuit Court[1] on the issues of

equitable distribution and spousal support upon the termination

of his marriage to Kathleen L. Raiello (wife).  Husband contends

on appeal that the trial court exhibited gender and personal

bias in its decision.  Further, husband contends the trial

court's rulings on spousal support and equitable distribution

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] The Court notes that there is a clerical error in the
decree appealed from in that the caption of the decree indicates
that it was from the Circuit Court of Fairfax County, while the
record clearly shows that it was from the Circuit Court of
Loudoun County.

were an abuse of discretion, plainly wrong and without evidence to support them.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited. For the reasons that follow, we affirm in part and reverse in part.

## I.   Judicial Bias

Husband's first contention on appeal is that the trial court exhibited gender and personal bias against husband. Husband's proffered evidence of the prejudice exhibited towards him are quotations from the record on the deceased child's ashes, "the tape incident" and wife's contribution to the marriage, and what husband believes to be an unfair award in wife's favor. We disagree. As we discuss later, the trial court did not commit reversible error in its calculations of the spousal support award and the equitable distribution of marital property. The trial court properly exercised its role in calculating these items.

The record shows no evidence of judicial bias. We find no merit in this assignment of error in the performance of the court's calculations. To the contrary, the judge commented at length from the bench at the reconsideration hearing as to the basis for his ruling and adherence to the statutory requirements.

-

II.  Spousal Support

Husband was ordered to pay wife $1,000 per month in spousal support.  Husband contends that the trial court erred in (1) awarding spousal support to wife and (2) calculating the amount of that support.  Husband avers that the award was based solely on a finding by the trial court that he was at fault for the dissolution of the marriage and needed to be punished for his actions.  He also contends that while his fault in the dissolution of the marriage was considered in the determination of whether support should be awarded wife, her fault was not duly considered.  We disagree with these contentions.

A.    Allegation of Ignored Factor in Determining Need
for a Spousal Support Award

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the trial court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).  Husband concedes that his actions contributing to the dissolution of the marriage were properly considered in the determination of whether or not an award of spousal support should be made.  He alleges, though, that the trial court failed to properly consider wife's "desertion."

The trial court, however, did not find that any alleged desertion by wife contributed to the break-up of the marriage.

-

In light of the evidence and its determination, the trial court gave the evidence the weight it felt appropriate and we cannot say as a matter of law that the trial court was plainly wrong.

### B. Allegations of Error in Considering Factors as to Amount of Spousal Support

Husband's principal objection to the support award is its duration.  He contends that a temporary award may have been justified but an award of support to wife for so long as she remains unmarried is error based on the facts of this case.  He avers that the only reason for the perpetual award was to punish him for fault in the dissolution of the marriage, a factor that should not be considered by the trial court in its calculations of the amount of a support award.

"In regard to the amount of the spousal support award, we will reverse an award on that basis only for an abuse of discretion or the judge's failure to consider all the factors set forth in Code § 20-107.1."  Barnes v. Barnes, 16 Va. App. 98, 103, 428 S.E.2d 294, 298 (1993) (citation omitted).  The award of spousal support "'will not be disturbed except for a clear abuse of discretion.'"  Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986) (citation omitted).  The trial court was careful to note it had considered all the statutory factors.  We find no evidence in the record of such abuse or failure, and affirm the award.

-

## 1. Abuse of Discretion

Husband alleges that the trial court abused its discretion in calculating spousal support because it based the calculations on husband's fault in the dissolution of the marriage. Husband contends his allegation is evidenced by the perpetual support award, which he finds inappropriate. We find no support for husband's allegation.

The trial court provided its reasons for awarding spousal support, including factors contributing to the dissolution of the marriage, as permitted by Code § 20.1-107.1(E). The trial court then moved to a determination of the nature, amount and duration of the award. We do not find evidence to support the allegation that fault, not a factor enumerated in Code § 20.1-107.1(E) to be considered in this calculation, was part of the trial court's calculation. Therefore, we find no support for the allegation by husband that the award was made to punish him for his actions contributing to the divorce. It is in the trial court's discretion to award support for a defined or undefined duration. See § Code 20.1-107.1(C).

## 2. Consideration of Code § 20.1-107.1(E) Factors

Husband's last contention as to error in the spousal support award is that the trial court failed to consider all the factors required in Code § 20.1-107.1(E). This assertion is contradicted by the record.

-

The trial court's cognizance and application of the statutory factors is evidenced by the judge's statement that "I listened to and considered the statutory factors . . . . The fact that I don't mention one or another of them doesn't mean I haven't considered it. I think--it just seems too rote to go through the statute and say this one, this one, but I have considered those things." The trial court then addresses several of the factors, including husband's earnings, wife's time away from the workplace to raise the children, and the property awarded to wife which she could use to garner more income. Provided the record indicates the trial court's consideration of the statutory factors, as is the case here, the trial court need not disclose the totality of its considerations nor address each factor point by point in its opinion.[2]

---

[2] In this appeal, husband points to the trial court's failure to comply with Code § 20-107.1(F), which requires that an order granting a request for spousal support be accompanied by written findings and conclusions of the court. It appears that this allegation of error was not made to the trial court. Husband's brief contends that it was preserved in the trial court with his motion and argument for reconsideration, yet upon our reading of the motion we do not find this allegation of error. Inasmuch as it appears that the argument made before this Court was never made in the trial court, we decline to consider the issue for the first time on appeal. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18); Zipf v. Zipf, 8 Va. App. 387, 392, 382 S.E.2d 263, 265 (1989). Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

-

Finding that the trial court considered all the statutory factors and that there is no evidence of an abuse of discretion, we affirm the spousal support award.

### III.  Equitable Distribution of the Marital Property

Husband also alleges the trial court erred in determining the equitable distribution of the marital property.  In reviewing an equitable distribution award we defer to the trial court's discretion in weighing the particular circumstances of each case.  Aster v. Gross, 7 Va. App. 1, 8, 371 S.E. 2d 833, 837 (1988) (citation omitted).  Only under exceptional circumstances will we interfere with the exercise of the trial court's discretion.  Id. (citation omitted).  The trial court's determination will be reversed only upon a showing in the record that the court has abused its discretion by misapplying the statutory factors in Code § 20-107.3(E).  Anderson v. Anderson, 29 Va. App. 673, 693, 514 S.E.2d 369, 379 (1999).  In the case at bar we hold the trial court did not abuse its discretion and did not fail to apply the requisite factors in making the equitable distribution determination as to the marital property.

### A.  Allegation that the Code § 20-107.3
#### Factors were not Considered

Husband contends the trial court erroneously (1) failed to consider all the requisite factors in its determination of the property division; (2) considered fault factors notwithstanding the absence of evidence those had any affect upon the marital

-

property or its value; and (3) weighted the fault factor of subsection (E)(5) of Code § 20-107.3 over the other requisite factors to be considered and undervalued husband's economic contributions to the marriage and marital property.

### 1. All Factors Properly Considered

It is husband's contention that the trial court failed to consider any factor, except fault, in its determination of the equitable distribution award. The record reflects otherwise. First, prior to announcing the equitable distribution award, the judge said, "I listened to and considered the statutory factors . . . . The fact that I don't mention one or another of them doesn't mean I haven't considered it . . . . I have considered these things . . . in the equitable distribution." Upon the motion for reconsideration, the judge stated, "I looked at the factors in 107.3 . . . . I didn't just give lip service to it, I looked at it."

Husband is correct when he asserts the trial court considered fault in its determination of the property division. The trial court acknowledges the consideration:

> "Factor five in . . . 107.3 is the cause of
> the dissolution of the marriage. I spent
> some of the time that I spent talking about
> how he viewed the marriage and how I viewed
> his view of the marriage, the
> non-partnership aspect, dealing with that
> particular factor."

Yet, contrary to husband's assertion that the consideration is error, the consideration is permissible when the fault, here the

-

controlling and abusive behavior, has an affect upon the marital property and its value.  <u>Aster</u>, 7 Va. App. at 6, 371 S.E.2d at 836.  It is also permissible to consider the fault factors

> if the evidence of misconduct is relevant under any other factor than [Code § 20-107.3(E)](5), it may in the judge's discretion be considered when making an equitable award.  The trial court may "consider the negative impact . . . on the well-being of the family . . . ."

<u>O'Loughlin v. O'Loughlin</u>, 20 Va. App. 522, 527-28, 458 S.E.2d 323, 326 (1995) (citation omitted).  Here, evidence indicated that husband's controlling behavior led to the dissolution of the marriage and also affected the parties' finances:  he transferred money from joint accounts to his sole account, he controlled wife's purchasing, he prohibited her from using the parties' computer, and he controlled what she took from the home and locked her out so that she could not take or inspect other pieces of personal property.  We, therefore, cannot say it was error to consider husband's fault in the equitable distribution determination.

We also find no support for the allegation that the fault consideration was weighted heavier than the other factors.  The trial court specifically recognizes husband's contribution of 87% of the parties' income, wife's income contribution, wife's substantial non-monetary contributions to the family, the duration of the marriage, and the parties' ages.  Further, even if the fault factor was weighted heavier, we have held the trial

-

court did not abuse its discretion as it considered all the requisite factors and thus we must defer to the trial court's discretion in weighing the particular circumstances of each case.  Aster, 7 Va. App. at 8, 371 S.E. 2d at 837.

2.  No Abuse of Discretion in Proportional Division

Husband's unsupported allegations are based on the fact that he did not receive a greater share of the marital property.  It is husband's belief that since he provided at least 87% of the parties' income during much of the marriage he should be awarded the lion's share of the marital property.  This is an incorrect assumption on husband's behalf.

It is within the discretion of the trial court to make an equal division of assets, see Bentz v. Bentz, 2 Va. App. 486, 490, 345 S.E.2d 773, 775 (1986), or to make a substantially disparate division of assets, see Aster, 7 Va. App. at 8, 371 S.E.2d at 837, as the factors outlined in Code § 20-107.3(E) require.  See Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992).  In determining an equitable distribution award, the trial court must make "delicate and difficult judgments," Bentz, 2 Va. App. at 489, 345 S.E.2d at 774, and "weigh[] the many considerations and circumstances that are presented in each case."  Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990).  It is precisely "because rights and interests in marital property are difficult to determine and evaluate and competing equities are difficult to reconcile,"

-

that "the chancellor is necessarily vested with broad discretion in the discharge of the duties the statute imposes." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

In this case, the trial court was required to balance husband's greater monetary contributions during the marriage against wife's greater non-monetary contributions throughout the marriage. Absent any showing of error, which we do not find, we defer to the trial court's discretion in this balancing test. Aster, 7 Va. App. at 8, 371 S.E. 2d at 837.

As we find no abuse of discretion and no failure to consider the requisite factors in Code § 20-107.3(E), the equitable distribution award of the marital property is affirmed.

### B. Allegation of Disproportionate Treatment of Marital Funds

As another allegation of error, husband challenges the trial court's division of the couple's retirement plans. The trial court awarded wife 100% of the funds in her Fidelity IRA and 50% of the marital property funds in husband's 401(k). Husband, however, fails to point out why this division constitutes error; he cites no statutory provision or case law to suggest why the trial court would be required to similarly divide each retirement account. Due to the failure to explain his allegation and to cite applicable law, we will not further address this issue and we affirm the trial court's action.

-

IV.  Calculation of Separate Property

In a final contention regarding the trial court's equitable distribution award, husband challenges the court's failure to recognize and credit his post-separation mortgage payments, shown to have been paid with his post-separation earnings.  The trial court heard testimony and viewed exhibits showing that husband made these payments out of his separate funds, yet the trial court still ordered the remaining proceeds from sale of the home to be equally divided.[3]  The trial court remarked,

> "I don't think he's entitled to a
> consideration of the mortgage.  If it's
> separate property, let it be separate
> property.  But he's been there and locked
> her out for that period of time, and so
> that's the amount he should pay in rent."

The mortgage payments shown to have been paid by husband from his post-separation earnings should have received recognition as separate property (the equity increase in the home) and credited in the trial court's calculation.  See generally Von Raab v. Von Raab, 26 Va. App. 239, 494 S.E.2d 156 (1996).  It is clear that the trial court was unsure of this point and instead determined that if its classification was wrong then any payments nonetheless should not be in the

---

[3] The trial court did award husband $24,383.41 as his separate property from the proceeds of the house sale, with only the surplus being divided equally as marital property.  The post-separation payments by husband of apparently $3,490.09 are separate and apart from the $24,383.41 amount.  According to our holding on this issue the marital surplus of the house sale

-

husband's favor and should be considered rent to the wife.  This
determination was made <u>sua</u> <u>sponte</u>, without an agreement between
the parties concerning rent, any evidence as to the propriety or
amount of rent and apparently without being weighed by the trial
court with the other factors in dividing the marital property.
The trial court abused its discretion.  Accordingly, we reverse
the equitable distribution award with direction to the trial
court to consider, based on the evidence in the record, what
credit may be due the husband for the equity increase in the
home attributable to the post-separation mortgage payments.

<u>Affirmed in part,</u><br>
<u>reversed in part</u><br>
<u>and remanded.</u>

---

should be further adjusted to give husband credit for the
additional separate property payments.

-